UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NICOLE WHITLEY,                                                    CV No. 07-1114-AC

                    Plaintiff,                              ORDER

     v.

The CITY OF PORTLAND, DAVE
FAMOUS and ROBERT DAY, in their
individual capacities as police officers
for the Portland Police Bureau,

                    Defendants.
_____

ACOSTA, Magistrate Judge:

      This matter came before the court on plaintiff's motion to compel (docket number 198) the Clackamas County Sheriff's Office ("CCSO") to respond to plaintiff's subpoena for documents pertaining to her application for employment to CCSO. The court convened a hearing on the motion on January 15, 2010. Judy Snyder and Katelyn Oldham appeared for plaintiff and Jenifer Johnston appeared for defendant. Edward McGlone of the Clackamas County Counsel's Office, appeared on

PAGE 1 - ORDER

behalf of CCSO. Having considered the briefs and arguments of counsel, the court grants in part and denies in part plaintiff's motion. Specifically, CCSO shall produce to counsel of record for plaintiff and defendant the following documents:

1. The two (2) screen captures reflecting information pertaining to Nicole Whitley's tenure with Portland Police Bureau ("PPB").

2. The summary from the CCSO investigator's report of the investigator's review of the documents contained in PPB's file for Nicole Whitley.

3. The concerns in the CCSO's investigator's report stated by the investigator about offering Nicole Whitley employment with CCSO to the extent that any such expressed concern is based in any part on information received by CCSO from PPB. "Concerns" encompasses any concern, opinion, statement, recommendation, or similar expression by the CCSO investigator regarding whether or not CCSO should extend an offer of employment to Nicole Whitley for a law enforcement position with CCSO.

4. All applications, reapplications, and personal statements received by CCSO from Nicole Whitley and which Nicole Whitley authored.

5. All requests to be considered or reconsidered, inquiries about employment, inquiries about the status of pending consideration for employment, and similar documents received by CCSO from Nicole Whitley.

6. All memoranda, notes, correspondence, and other documents that memorialize CCSO's initial decision and any subsequent decisions not to extend an offer of employment to Nicole Whitley or to further consider her for employment with

CCSO. "Decision" in this order means only those documents which contain a statement of or that confirm the decision by CCSO not to employ Whitley or further consider her for employment, as well as those documents containing a statement of reasons for the decision, and includes the "check-box documents" referred to by CCSO's counsel during the hearing as well as any document CCSO provided to Nicole Whitley in which CCSO conveyed its decision to Nicole Whitley.

Counsel for CCSO shall provide these documents by hand delivery to all counsel of record in the case by 5:00 p.m, Tuesday, January 19, 2010. To the extent that counsel for CCSO determines that no document existed or no longer exists in one or more of the above-referenced categories, counsel shall include with the documents produced a cover letter confirming that fact for each such category. Should counsel for CCSO desire an in-camera review of any documents within the court's order, counsel shall provide the documents for review by the January 19, 2010, deadline, by hand delivery, to the court.

It is further ordered that plaintiff shall produce to defendant the following documents:

1. All applications, reapplications, and personal statements she submitted to CCSO and which she authored.

2. All requests to be considered or reconsidered, inquiries about employment, inquiries about the status of pending consideration for employment, and similar documents Nicole Whitley submitted to CCSO.

Counsel for Whitley shall provide these documents by hand delivery to defendant's counsel by 5:00 p.m, Tuesday, January 19, 2010. To the extent that Whitley's counsel determines that no document existed or no longer exists in one or more of the above-referenced categories, counsel

shall include with the documents produced a cover letter confirming that fact for each such category.

DATED this 15th day of January, 2010.

           /s/ John V. Acosta
           JOHN V. ACOSTA
           United States Magistrate Judge

PAGE 4 - ORDER